IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH HENDRICKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09 C 7850 |
| | ) | |
| VWR INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant VWR International, LLC's (VWR) motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiffs Joseph Hendrickson, Michael Scholwin, and Andres Fragoso were allegedly employed by United Parcel Service (UPS) to work at the UPS facility in Oswego, Illinois. On October 1, 2008, VWR allegedly shipped through UPS two containers of flammable liquid (Containers), and incorrectly labeled the bill of lading (Bill of Lading): "toxic, NOS, Methanol, and Diethanolamine." (Compl. Par. 4).

1

VWR allegedly had a duty under federal regulations to properly complete the Bill of Lading. The Containers allegedly actually contained Carbon Disulfied, which is a material that is more noxious and hazardous to the lungs than the materials listed on the Bill of Lading. During the shipment of the Containers, the Containers were allegedly damaged and began leaking. UPS allegedly relied on the Bill of Lading to assess the danger of the situation, and Plaintiffs were allegedly told to clean and repackage the leaking Containers. Plaintiffs contend that, as a result, they were exposed to noxious and poisonous fumes that caused Plaintiffs severe and permanent injuries, and caused Plaintiffs to miss work. Plaintiffs brought the instant action in Illinois state court, and included in their complaint negligence claims. VWR removed the action to federal court and now moves to dismiss the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Emergency Response Guide and Packaging Group Number

VWR argues that, even if it misidentified the name of the substance in the Contaniers, the Bill of Lading included the correct Emergency Response Guide (ERG) number and the correct Packing Group (PG) number. VWR has attached a copy of the Bill of Lading to its motion and is seeking to have the court consider it even though the Bill of Lading was not attached to the complaint.

In considering a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court generally can only consider the allegations in the plaintiff's complaint and documents attached to the complaint. *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). There is a limited exception to this rule in that

"documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). However, the Seventh Circuit has indicated that this exception is extremely narrow and is intended to allow the introduction of contracts that are at issue in breach of contract cases. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)(stating that "this is a narrow exception aimed at cases interpreting, for example, a contract" and "[i]t is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment"). In the instant action, the plaintiff is not bringing a breach of contract claim, and the Bill of Lading is not a contract. Thus, the Bill of Lading should not be considered for the purposes of ruling on the motion to dismiss.

In addition, even if the court were to consider the Bill of Lading, VWR points to a variety of other information outside the pleadings to try to show that the Containers had the correct ERG and PG numbers and to establish the significance of placing the correct numbers on the Containers. VWR is improperly seeking to have the court delve beyond the pleadings at the motion to dismiss stage. Whether or not VWR in part properly labeled the Bill of Lading and the significance of such labeling are factual issues that cannot be addressed at the motion to dismiss stage. We note

that VWR does point to certain federal statutes and guidelines concerning hazardous materials, which the court can take judicial notice of for purposes of analyzing the motion to dismiss. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008)(stating that a court can "take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment"). However, even if the court were to consider such information from the public record, it would be insufficient to resolve the factual issues surrounding liability in this case. At the summary judgment stage, VWR can point to such evidence and Plaintiffs will bear the burden of pointing to sufficient evidence to support their case. However, VWR's arguments in regard to the numbers on the Bill of Lading are premature at this juncture.

II. Pleading Allegations to Meet Elements

VWR also argues that Plaintiffs fail to plausibly state a claim because Plaintiffs have not alleged facts to meet the elements for their cause of action, such as that there was proximate causation between VWR's conduct and Plaintiffs' injuries. Under Illinois law, for a negligence claim, a plaintiff "must establish that the defendant owed a duty of care, that the defendant breached that duty, and that the plaintiff incurred injuries proximately caused by the breach." *Johnson v. Wal-Mart*

5

*Stores, Inc.*, 588 F.3d 439, 441 (7th Cir. 2009)(internal quotations omitted)(quoting in part *Espinoza v. Elgin, Joliet & E. Ry. Co.*, 649 N.E.2d 1323, 1326 (Ill. 1995)). However, under the federal notice pleading standard, although a plaintiff must present allegations that plausibly suggest a right to relief, a plaintiff is not required to plead each element of his claim. *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later").

Plaintiffs have alleged that VWR had a duty to label the Containers correctly and that VWR inaccurately labeled the Containers. (Compl. Par. 5). Plaintiffs also indicated that, due to the alleged error on the Bill of Lading, UPS did not recognize the dangerous nature of the materials in the Containers. (Compl. Par. 6). Plaintiffs finally contend that they were told to clean up and repackage the leaking Containers and were injured as a result. (Compl. Par. 6-8). Such allegations are sufficient to plausibly suggest proximate causation as well as the other elements necessary to support a negligence claim.

III. Evidence of Causation

VWR also argues that Plaintiffs have not pointed to sufficient evidence of

causation. VWR's arguments improperly delve into a consideration of the evidence and factual issues rather than an analysis of the sufficiency of the pleadings. VWR argues, for example, that it included the correct ERG and PG numbers on the Bill of Lading and that such numbers should have put Plaintiffs on notice of the dangerous nature of the materials in the Containers. However, whether UPS employees noticed the numbers, or should have done so, and the ramifications of such numbers involve factual issues beyond the pleadings. Also, whether UPS employees were in part or entirely at fault for making the decision to clean up and repackage the containers requires a factual inquiry into issues not addressed in the pleadings.

VWR also contends that Plaintiffs have not shown that they would have avoided their injury even if VWR had placed the correct name of the materials on the Bill of Lading. That argument also involves a consideration of facts and evidence not in the pleadings, and such issues cannot be resolved at the motion to dismiss stage. In making such arguments, VWR is also asking the court to make inferences from the allegations in the complaint in VWR's favor, which is contrary to the motion to dismiss standard. *See Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003)(stating that in reviewing a motion to dismiss a court "must draw all reasonable inferences in favor of the non-movant"). Plaintiffs have alleged sufficient facts to plausibly suggest causation, which is sufficient to defeat VWR's motion to

dismiss. At the motion for summary judgment stage, Plaintiffs will need to point to sufficient evidence to support their claims. Therefore, we deny VWR's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny VWR's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 16, 2010